UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONATIEN MASALA *et al.*,
*Appellants*,

v.                                          No. 3:22-cv-1641 (JAM)

ROBERTA NAPOLITANO,
*Appellee*.

**ORDER DISMISSING APPEAL**

Attempting to save his home from foreclosure, Donatien Masala filed for Chapter 13 bankruptcy. Unfortunately, the plan he put forth as part of the bankruptcy process was insufficient, and the Bankruptcy Court dismissed his petition. Unsatisfied by this result, a third party named Reverend Juan-Jose': Brookins appeals that decision. For the reasons set forth in this ruling, I will dismiss his appeal.

**BACKGROUND**

On June 2, 2022, Donatien Masala filed a Chapter 13 petition with the United States Bankruptcy Court for the District of Connecticut.[1] On August 29, the Bankruptcy Trustee filed a motion to dismiss pursuant to 11 U.S.C. § 1307(c) for failure to propose a confirmable plan.[2]

During a hearing in the Bankruptcy Court on September 22, Judge Manning read into the record a letter stating that Brookins would act as Masala's surety for the debt.[3] She subsequently granted the Trustee's motion to dismiss the Chapter 13 petition, in part because Masala's filing showed a negative monthly income and thus he could not propose a confirmable plan.[4]

---

[1] Doc. #12 at 1; *see In re Masala*, 5:22-bk-50272 (Bankr. D. Conn. 2022).
[2] Doc. #12 at 4.
[3] Doc. #16 at 5.
[4] Doc. #12 at 5; Doc. #16 at 12–14; Doc #43 at 1, *In re Masala*, 5:22-bk-50272 (Bankr. D. Conn. 2022).

1

Brookins disagreed and filed a notice of error and request for an investigation on October 3.[5] Judge Manning interpreted the filing as a motion for relief from her prior order, and she held a hearing on November 22.[6] At the hearing, Brookins claimed he had "an equitable interest" in the matter because Masala "conveyed his property into [Brookins'] trust" such that "the property belongs to [Brookins]."[7]

Judge Manning explained to Brookins that the Bankruptcy Court "ha[d] no jurisdiction over [him]" because he was "not a debtor," and that if "Masala can't meet his duties under the Bankruptcy Code, then his case gets dismissed."[8] The court ultimately denied Brookins' motion.[9] And Judge Manning explained to Brookins that only Masala could appeal the dismissal, because "he's the debtor, not you."[10]

On December 6, Brookins filed a motion for reconsideration, which Judge Manning interpreted as a motion for relief from her prior order and denied on December 9.[11] Brookins then filed a notice of appeal of Judge Manning's December 9 order with this Court.[12]

## DISCUSSION

A district court has appellate jurisdiction over a final judgment or order of a bankruptcy court. *See* 28 U.S.C. § 158(a)(1). The Court, however, only has jurisdiction to hear an appeal if

---

[5] Doc. #12 at 5.
[6] *Id.* at 6–7.
[7] Doc. #15 at 13–14.
[8] *Id.* at 16, 21.
[9] Doc. #12 at 7.
[10] Doc. #15 at 26.
[11] Doc. #12 at 7 (docket entry number 69 stating in part: "ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT/ORDER. The Motion for Reconsideration filed by Juan−Jose' Brookins, Interested Party, ECF No. 67, which is deemed to be a Motion for Relief from Judgment/Order pursuant to Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024, is DENIED. None of the grounds for relief set forth in Federal Rule of Civil Procedure 60 and Federal Rule of Bankruptcy Procedure 9024(b) exist to relieve the Debtor from the Order Granting the Trustee's Motion to Dismiss the Debtor's Chapter 13 case, ECF No. 43.").
[12] Doc. #1. Although the notice of appeal lists Masala's name as a co-appellant along with Brookins, the notice of appeal is signed solely by Brookins, and as a non-attorney Brookins has no authority to represent Masala in a federal court. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (*per curiam*); 28 U.S.C. § 1654.

the appellant has standing. "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 66 (2d Cir. 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).[13] Because standing relates to a federal court's "subject matter jurisdiction, it can be raised *sua sponte*." *Valluzzo v. Romero*, 2018 WL 9453701, at *1 (D. Conn. 2018) (quoting *Plante v. Dake*, 621 F. App'x 67, 69 (2d Cir. 2015)).

"[I]n order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re Wysocki*, 2016 WL 4099031, at *2 (D. Conn. 2016) (quoting *In re DBSD N. Am., Inc.*, 634 F.3d 79, 89 (2d Cir. 2011)). "This test is stricter than Article III's 'injury in fact' test, and its stringency is rooted in a concern that freely granting open-ended appeals to those persons affected by bankruptcy court orders will sound the death knell of the orderly disposition of bankruptcy matters." *Ibid.* (quoting *In re Barnet*, 737 F.3d 238, 242 (2d Cir. 2013)).

Brookins does not have standing to bring this appeal. He has made no showing that he is "directly and adversely affected pecuniarily" by the Bankruptcy Court's order dismissing Masala's Chapter 13 petition, much less an order declining to reconsider the dismissal of the petition. Even if Brookins theorized some future harm based on Masala's alleged transfer of property to him, the Second Circuit has "explicitly stated that 'potential harm' from a bankruptcy court order is insufficient to justify appellate standing." *In re Barnet*, 737 F.3d at 243.

---

[13] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

None of the points Brookins advances in his appellate brief alter this analysis.[14] He claims that he "tendered payment to satisfy the debt" of Masala and that three years before Masala had quitclaimed his house to Brookins and that Brookins in turn had "subsequently conveyed the house into a private Foreign Express Trust known as the Juan Jose' Brookins Common Law Family Trust and said property is a part of the Surety Appellant's Trust Corpus, therefore the Surety-Appellant is a proper Part-in-Interest to the Debtor's Bankruptcy case because the Surety-Appellant has an equitable interest in the Debtor's primary residence."[15]

It is apparent that Brookins' theory of harm is steeped in the views of the "sovereign citizens" movement, which the Second Circuit has described as "a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order). "Many district courts, including courts within this district, have dismissed jurisdictional challenges from 'sovereign citizens' as patently frivolous." *Young v. Reis*, 2023 WL 3534613, at *4 (D. Conn. 2023).

Brookins' arguments about how he has been harmed or affected do not support his contention that he has standing to appeal, because "[t]he conspiracy and legal revisionist theories of 'sovereign citizens' are not established law . . . anywhere in this country's valid legal system." *Paul v. New York*, 2013 WL 5973138, at *3 (E.D.N.Y. 2013). "Federal courts across the country . . . have routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational and unintelligible." *Tyson v. Clifford*, 2018 WL 6727538, at *3 (D. Conn. 2013). So, for example, Brookins asserts in preposterous fashion that he somehow "tender[ed a] payment" for a "private Bankruptcy

---

[14] Doc. #18.
[15] *Id.* at 7.

process" and that his tender included "[a] Private Registered Set-Off Bond valued at One Million Dollars ($1,000,000.00-US) attributable to the Depository Trust and Clearing Corporation (DTCC) account being held in the Surety-Appellant's name, JUAN JOSE' BROOKINS, under CUSIP No. 77957N209 with an estimated funding amount of Six-Billion, Four-Hundred Fifty-Nine Million, Nine-Hundred and Ninety-Three Dollars ($6,459,000,993.00-US)."[16] Accordingly, I will dismiss Brookins' appeal for lack of standing to appeal the dismissal of Masala's Chapter 13 petition.

In any event, even if I am mistaken and Brookins has standing to challenge Judge Manning's dismissal of Masala's Chapter 13 petition, he makes no argument why this was error. The bankruptcy code states in relevant part that "[o]nly an individual with regular income . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). Thus, the bankruptcy code requires that "the debtor must have a 'regular income[,]' meaning that her income must be 'sufficiently stable and regular to enable such individual to make payments under a [Chapter 13 plan.]'" *In re Taneja*, 789 F. App'x. 907, 909 (2d Cir. 2019) (quoting 11 U.S.C. §§ 101(3), 109(e)). "If the debtor does not meet the section 109(e) requirements [including a regular income], the bankruptcy court may dismiss the petition." *Ibid.*

## Conclusion

For the reasons set forth above, the Court DISMISSES the appeal. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 18th day of March 2024.

---

[16] Doc. #18 at 8–10. In contrast to his claim that he has access to vast financial resources, Brookins has previously appeared in this Court using the name "Jawan Bey" at which time he filed a motion for leave to proceed *in forma pauperis* claiming that he had no assets or income. *See* Doc. #2, *Bey v. Bakota*, 3:19-cv-01090-JAM (D. Conn. 2019); *see also Bey v. Bakota*, 2023 WL 197024 (D. Conn. 2023).

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge